Joseph P. SMITH, Plaintiff—Appellee,

v.

COUNTY OF ORANGE, Defendant,

and

Tony Rackauckas, Defendant—
Appellant.

No. 04–56992.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2006.

Filed Aug. 15, 2006.

Jerry L. Steering, Esq., Law Office of Jerry L. Steering, Newport Beach, CA, for Plaintiff–Appellee.

S. Frank Harrell, Esq., Lynberg and Watkins A Professional Corporation, Orange, CA, for Defendant.

Norman J. Watkins, Esq., S. Frank Harrell, Esq., Lynberg and Watkins A Professional Corporation, Orange, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM *

Defendant Tony Rackauckas (the District Attorney of Orange County), the County of Orange, and other defendants appeal the district court's denial of their motion for summary judgment based on

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

qualified immunity in a 42 U.S.C. § 1983 lawsuit filed by Joseph Smith, a former employee of the District Attorney's office. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Rackauckas was not entitled to summary judgment under the *Elrod/Branti* Doctrine because Rackauckas did not meet his burden of proving Smith was a "policymaker" as a matter of law in any of the positions at issue. *Fazio v. City & County of San Francisco,* 125 F.3d 1328, 1331 (9th Cir.1997); *Elrod v. Burns,* 427 U.S. 347, 368, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976) (the government-employer bears the burden of establishing that the plaintiff-employee is a "policymaker"); *Branti v. Finkel,* 445 U.S. 507, 517, 100 S.Ct. 1287, 63 L.Ed.2d 574 (1980). The district court was correct in its determination that there is a "genuine issue [of] material fact" whether Smith was a "policymaker." Fed.R.Civ.P. 56(c).

■ Absent a proper finding that Smith was a "policymaker." under *Pickering v. Board of Education,* 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), Smith's speech is entitled to protection under the First Amendment because (1) it is undisputed that the speech involved a matter of public concern, and (2) absent any evidence of actual workplace disruption, Smith's interest in reporting corruption outweighs Rackauckas's interest in promoting workplace efficiency and avoiding workplace disruption. *Keyser v. Sacramento City Unified Sch. Dist.,* 265 F.3d 741, 747–48 (9th Cir.2001) ("There is a series of cases in the Ninth Circuit establishing that the public's interest in learning about illegal conduct by public officials and other matters at the core of First Amendment protection outweighs a state employer's interest in avoiding a mere *potential* disturbance to the workplace.") (discussing *Gilbrook v. City of Westminster,* 177 F.3d 839 (9th Cir.1999); *Roth v. Veteran's Ad-*

*min.,* 856 F.2d 1401 (9th Cir.1988); *Johnson v. Multnomah County,* 48 F.3d 420 (9th Cir.1995)).

Under *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the "threshold" question is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [government official's] conduct violated a constitutional right?" 533 U.S. at 201, 121 S.Ct. 2151. The facts, taken in the light most favorable to Smith, show that Rackauckas violated Smith's First Amendment rights. Second, "if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established." *Id.* Under *Pickering,* Smith's First Amendment rights were clearly established. *See Keyser,* 265 F.3d at 748. Therefore, Rackauckas is not entitled to qualified immunity and the district court properly denied his motion for summary judgment.

**AFFIRMED.**